# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard John LaFountaine | Civ. No. 13-2609 (DSD/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kent Grandlienard, Dave Reishus, Stephen Craane, Barb Nelson, Kathy Reid, Kasey Johnson, Tom Roy, Margaret Gemmell, and Nanette Larson, | |
| Defendants. | |

Richard John LaFountaine, 203751, MCF – Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se* Plaintiff.

Andrea Pavelka Hoversten, Esq., and Charles A. Gross, Esq., Geraghty, O'Loughlin & Kenney, PA, counsel for Defendant Craane.

Scott A. Grosskreutz, Esq., Minnesota Attorney General's Office, counsel for all other Defendants.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Plaintiff's request to withdraw his lawsuit without prejudice (Doc. No. 111). The case has been referred to this Court for Report and Recommendation under 28 U.S.C § 636 and Local Rule 72.1 on the matter. For the reasons discussed below, this Court recommends that Plaintiff's request to withdraw his lawsuit without prejudice (Doc. No. 111), be **GRANTED**.

**DISCUSSION**

Plaintiff is an inmate at the Minnesota Correctional Facility in Oak Park Heights, Minnesota ("MCF-OPH").  He commenced this action by filing a Complaint seeking relief under 42 U.S.C. § 1983, for alleged violations of his Federal Constitutional Rights.  The alleged violations arise out of an injury sustained while in custody at MCF-OPH.  Plaintiff asserts he was denied appropriate medical care and alleges a medical malpractice claim.  He now requests that his case be withdrawn without prejudice because of alleged retaliatory conduct he has received from MCF-OPH prison officials.  The Defendants have submitted letters disputing Plaintiff's claims of retaliation and requesting that the Court dismiss the case with prejudice instead.  They argue that dismissal without prejudice would result in waste of judicial time and effort and would significantly prejudice Defendants.

In addition, Defendants argue that Plaintiff has not presented a proper explanation for his request to withdraw the lawsuit without prejudice, and that because Plaintiff has failed to comply with the statutory expert review requirement, Plaintiff's case would have been dismissed with prejudice if allowed to go forward.  Defendants assert that by allowing Plaintiff's case to be withdrawn without prejudice, the Court would be giving Plaintiff yet another opportunity to file again with a second chance to meet the expert review requirement.

This Court finds that Plaintiff has stated cause for allowing his case to be withdrawn without prejudice, and further finds Defendants' prejudice arguments

unavailing.  The arguments that judicial efficiency will be promoted by proceeding forward, and that Defendants would be highly prejudiced by the dismissal of this case without prejudice in light of potential for re-filing, are speculative.  Defendant Craane asserts he has filed numerous motions in both this case and a previous similar case with the same Plaintiff, and argues that a great deal of time and effort have been spent in his defense.  But Defendant Craane's reliance on work expended in the previous case does not necessarily show he would be prejudiced by the dismissal of this case.  And although the deadline for filing summary-judgment motions is approaching, Defendant Craane has not asserted that a significant amount of time and effort has been dedicated to dispositive motions in this case.  Further, little work has been expended on Defendant Craane's behalf in pretrial litigation efforts in this case thus far, in contrast to the efforts that would be required by the parties and the Court in resolving dispositive motions and/or trial.  Also, the Court notes that the State Defendants expressly acknowledge that they would _not_ be highly prejudiced by the voluntary withdrawal, as they have not yet moved for summary judgment nor have they spent significant time or expense preparing for trial.

### RECOMMENDATION

Based on the above, **IT IS HEREBY RECOMMENDED** that:

1.      Plaintiff's request to withdraw his lawsuit without prejudice (Doc. No.  111) be **GRANTED**;

2.      Plaintiff's Motion for Relief (Doc. No.  76), be **DENIED AS MOOT**;

3

    3.      Plaintiff's Motion to Extend Time (Doc. No.  100), **DENIED AS**

**MOOT**; and

    4.      This case be **DISMISSED WITHOUT PREJUDICE**, and judgment be

entered accordingly.


Date: October 20, 2014

                              _s/ Jeffrey J. Keyes_____ _
                              JEFFREY J. KEYES
                              Unites States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by
**November 3, 2014**, a writing which specifically identifies those portions of this
Report to which objections are made and the basis of those objections.  Failure
to comply with this procedure may operate as a forfeiture of the objecting party's
right to seek review in the Court of Appeals.  A party may respond to the
objecting party's brief within **fourteen** days after service thereof.  All briefs filed
under this rule shall be limited to 3500 words.  A judge shall make a _de novo_
determination of those portions of the Report to which objection is made.  This
Report and Recommendation does not constitute an order or judgment of the
District Court, and it is therefore not appealable directly to the Circuit Court of
Appeals.