UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2609(DSD/JJK)

Richard John LaFountaine,

        Plaintiff,

v.                                           **ORDER**

Kent Grandlienard, Dave
Reishus, Stephen Craane,
Barb Nelson, Kathy Reid,
Kasey Johnson, Tom Roy,
Margaret Gemmell and
Nanette Larson, individually
and in their official
capacities,

        Defendants.


    This matter is before the court upon the objections by defendant Stephen Craane to the October 20, 2014, report and recommendation (R&R) of Magistrate Judge Jeffrey J. Keyes. After a de novo review, and based on the file, record, and proceedings herein, the court overrules the objections and adopts the report and recommendation in its entirety.


**BACKGROUND**

    This civil-rights dispute arises out of injuries that pro se plaintiff Richard John LaFountaine allegedly sustained while in custody at MCF-Oak Park Heights (MCF-OPH). On September 23, 2013, LaFountaine filed a complaint, alleging medical malpractice and violations of the Eighth and Fourteenth Amendments. LaFountaine alleges that defendants, including Craane, caused his injuries,

denied him appropriate medical care, and refused to transport him off-site for evaluation and treatment. On October 1, 2014, LaFountaine moved to voluntarily dismiss this matter without prejudice, alleging that he experienced retaliation from prison officials for filing the lawsuit. On October 20, 2014, Magistrate Judge Jeffrey J. Keyes issued an R&R recommending that the case be dismissed without prejudice, and that other motions filed by LaFountaine be denied as moot. Craane filed objections to the R&R on October 31, 2014. No other defendant objected.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). After a defendant serves an answer, an action may be voluntarily dismissed only by stipulation or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Deciding "whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999). In exercising its discretion, the court considers "whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." Id. (citations omitted). "Likewise, a party is

not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." Id.

## I.  Proper Explanation for Dismissal

Craane first objects to the magistrate judge's determination that LaFountaine offered a proper explanation for dismissal. Craane argues that LaFountaine's retaliation allegations are baseless, and that LaFountaine instead seeks dismissal because he failed to timely provide sufficient expert affidavits to support his medical malpractice claim.  In support of his allegations, LaFountaine claims that defendants secured an extension of his release date to prevent him from seeking independent medical opinions before the deadline for filing dispositive motions. See ECF No. 76, at 5.  He further alleges that he heard prison officials mention he would be "set up."  ECF No. 100, at 2-3.

The court agrees with the magistrate judge that LaFountaine provided a sufficient explanation in support of dismissal. Although his expert affidavits appear to be incomplete at this time, the court notes that LaFountaine filed a motion to correct the affidavits, and that Minnesota law would likely provide him with additional time to do so if the action were to continue. See Minn. Stat. § 145.682, subd. 4(b) (allowing the court to extend the time limits for providing affidavits), 6(c)(2) (providing an additional 45 days after the filing of a motion to dismiss to correct insufficiencies in affidavits); see also Mullen v. Heinkel

Filtering Sys., Inc., 770 F.3d 724, 728 (8th Cir. 2014) (affirming voluntary dismissal even though a potentially dispositive discovery ruling "may have precipitated the motion"). As a result, the court overrules the objection.

## II. Legal Prejudice

Craane next objects to the magistrate judge's determination that he would not be prejudiced by dismissal. The party opposing voluntary dismissal "must be able to demonstrate some plain legal prejudice ... as a result of the dismissal." Hoffman v. Alside, Inc., 596 F.2d 822, 823 (8th Cir. 1979). Craane argues that he has spent a significant amount of time and effort on the litigation thus far. The court finds this argument insufficient to establish prejudice, especially because little discovery has taken place and dispositive motions have not yet been filed. See Mullen, 770 F.3d at 728 ("The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice.").

Next, Craane argues that LaFountaine has not presented sufficient expert affidavits to support a malpractice claim, and as a result, voluntary dismissal would provide LaFountaine with an unwarranted opportunity to comply with the affidavit requirement. The court disagrees. As noted, the insufficiency of LaFountaine's expert affidavits does not necessarily preclude success on his malpractice claim at this time. Indeed, under the circumstances,

the court would be inclined to grant LaFountaine additional time to comply with the affidavit requirement. As a result, the court overrules the objection.

### III. Judicial Efficiency

Finally, Craane objects to the determination that dismissal will not waste judicial time and effort. The magistrate judge observed that the time and expense spent on the action thus far is insignificant compared to the effort that would likely be required in presenting dispositive motions and in preparing for trial. Craane argues, however, that the discovery deadline has passed and that two nondispositive motions are briefed and remain pending. The court finds this argument unavailing. Allowing the case to proceed to the dispositive motion stage would require significant expense and effort, especially in light of LaFountaine's persuasive request for more time to correct his affidavits. Moreover, courts have allowed voluntary dismissal during later stages of the proceedings. See Metro. Fed. Bank. of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1263 (affirming voluntary dismissal even though a motion for summary judgment was pending); Kern v. TXO Prod. Corp., 738 F.2d 968, 971 (8th Cir. 1984) (affirming voluntary dismissal when plaintiff was about to present its final witness at trial). As a result, the court overrules the objection. Moreover, to avoid unnecessary time and expense in any later proceeding, the court will grant voluntary dismissal here on the condition that all

discovery in this proceeding be available in any subsequent action concerning the same subject matter.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The objections [ECF No. 116] to the magistrate judge's report and recommendation are overruled;

2.  The magistrate judge's report and recommendation [ECF No. 115] is adopted in its entirety;

3.  Plaintiff's motion to voluntarily dismiss this matter without prejudice [ECF No. 111] is granted;

4.  Plaintiff's motion for relief [ECF No. 76] is denied as moot;

5.  Plaintiff's motion to extend time to file expert witness affidavits [ECF No. 100] is denied as moot; and

6.  This case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 22, 2014

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court